UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Gary Lamont Robinson, # 216375, | ) C/A No. 4:13-1572-TLW-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Michael McCall, Warden, and | ) |
| Chris Florian, Officer of General Counsel, | ) |
| | ) |
| Defendants. | ) |
| | ) |

The Plaintiff, Gary Lamont Robinson, filed this action on June 11, 2013, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. The Plaintiff is an inmate currently housed at the Perry Correctional Institution ("PCI"). Before the undersigned is the Defendants' motion for summary judgment. (Document #38.)[1]

## I. PROCEDURAL BACKGROUND

Defendants filed a motion for summary judgment on October 1, 2013. The undersigned issued an order filed October 2, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), advising the Plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. On November 6, 2013, Plaintiff filed a response. Defendant filed a reply. (Doc. #55). Plaintiff also filed a sur reply in opposition. (Doc. #59). Defendants filed a reply to the sur-reply. (Doc. #61). Plaintiff then filed a reply to the sur-reply.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

(Doc. #64).

## II.  DISCUSSION

### A. ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

In the complaint, Plaintiff alleges that Defendants violated his constitutional rights by taking some of his personal property while an inmate housed in the SMU at PCI. (Complaint). Specifically, Plaintiff alleges that on September 10, 2010, he was placed in lock-up, but, beforehand, his personal and legal property were placed in a property control room to keep them secure until his release back into the general population. (Id.). However, upon release back into the general population, Plaintiff was informed that his legal box containing documents, transcript and law book material was not in the property control room. (Id.). Plaintiff contends he filed a grievance on October 5, 2010. Plaintiff asserts he filed a Step 1 and Step 2 grievance which were denied and was told that after searching, his legal box was not found. (Id.). Plaintiff asserts that he was informed that he would not be reimbursed for his legal box. (Id.). Further, Plaintiff argues that Defendant Florian interfered with the grievance process by denying him reimbursement for the missing material. (Id.). Plaintiff alleges that he was denied access to courts due to his legal documents being taken and not returned. (Id.). Plaintiff contends that his legal box was destroyed. (Id.). Plaintiff asserts that the Warden and General Counsel were notified through grievances but that he has not been reimbursed for the lost property. (Id.). Plaintiff requests damages.

In the motion for summary judgment, Defendants argue the complaint should be dismissed for failure to state a cognizable claim. Defendants submitted the affidavit of Chris Florian who attests that he is employed with the South Carolina Department of Corrections (SCDC) and is a

Deputy General Counsel for SCDC. (Florian affidavit, Doc. #38-2). Florian attests that Plaintiff wrote a letter dated October 29, 2012, to Rob Peele in the SCDC General Counsel's Office. (Id.). The letter was received by the General Counsel's Office on November 14, 2012. (Id.). Mr. Peele was no longer working with SCDC at that time so that the letter was provided to Florian. (Id.). Florian looked into the matter and determined that the Plaintiff was complaining that the alleged loss of his trial transcript had caused the dismissal of his action for Post-conviction relief (PCR). (Id.). Florian obtained a copy of the Conditional Order of Dismissal along with a copy of the Final Order of Dismissal from Plaintiff's PCR action. (Id.). After reviewing both, Florian determined that the Plaintiff's PCR action was dismissed because it was successive in nature and further was not timely filed. (Id.). Florian attached a copy of both the Conditional Order of Dismissal and the Final Order of Dismissal to his affidavit. (Id.). Additionally, Florian attached a copy of the Order from the South Carolina Supreme Court affirming the dismissal of Plaintiff's PCR action. (Id.). Florian attests that at no time did he violate any clearly established constitutional right of the Plaintiff of which he is aware.(Id.).

## B. ANALYSIS

### Personal Property

The Supreme Court of the United States has explicitly held that deprivations of inmates' personal property does not rise to the level of a constitutional violation. <u>Daniels v. Williams</u>, 474 U.S. 327, 328-36 (1986). The Fourth Circuit has held that deprivations of personal property by corrections officials are not constitutional violations where there are procedures available for the inmate to recover that property or to be financially compensated for the loss. See, e.g., <u>Mora v. City</u>

of Gaithersburg, 519 F.3d 216, 230-31 (4th Cir.2008); Bogart v. Chapell, 396 F.3d 548, 561-63 (4th Cir.2005). Therefore, while Plaintiff may have some claim against Defendants for the deprivation of his personal property under South Carolina law, it was not a violation of his rights under the United States Constitution, and therefore was not actionable under 42 U.S.C. § 1983.

**Access to Courts**

As previously stated, Plaintiff alleges that losing his property box caused him a denial of access of courts but did not explain exactly how.  Defendants assert Plaintiff has failed to specifically assert a claim of denial of access to the courts in his complaint and has not identified any actual injury resulting from the Defendants' conduct. As set out above, Florian averred that his investigation  revealed Plaintiff was alleging that it caused the dismissal of his PCR. However, Florian attached a copy of the Conditional Order of Dismissal and the final Order of Dismissal revealing that it was dismissed as successive and untimely. The conditional order states that Plaintiff's conviction and sentence were affirmed by the South Carolina Court of Appeals on June 21, 2004, so that he had until June 21, 2005, to file his PCR application. However, the application was not filed until November 8, 2011. Even though Plaintiff asserts that his legal box was taken on September 10, 2010, that was still after the time limitation had expired. Therefore, Plaintiff fails to show the loss of the legal property box contributed to the PCR action being dismissed for successiveness or untimeliness.

As to claims of access to courts,  prisoners do not have a cause of action under § 1983 for negligent interference by prison officials with their right of access to the courts.   (Pink v. Lester, 52 F.3d 73 (4th Cir. 1995), "negligent denial of access to the courts is not actionable under § 1983."

) A prisoner must allege adverse consequence as a basis for allegations that the delay or non delivery deprived him of meaningful access to the courts. White v. White, 886 F.2d 721 (4th Cir. 1989) and Morgan v. Montanye, 516 F.2d 1367 (2d Cir. 1975 ) cert. denied, 424 U.S. 973 (1976).  Actual injury must be more than theoretical deficiencies, it is showing that the alleged deficiencies have hindered or are hindering a prisoner's efforts to pursue a legal claim. Lewis v. Casey, 518 U.S.343 (1996). Plaintiff has failed to meet this burden. Plaintiff has not shown that Defendants' actions resulted in any actual injury. Based on the assertions in Plaintiff's complaint, this action fails on the merits.  Therefore, it is recommended that Defendants' motion for summary judgment be granted as to access of courts claim.

**Grievances**

Plaintiff has made allegations regarding the grievance procedure at PCI. Plaintiff appears to allege that his grievances were not handled properly.

It is recommended that these allegations be dismissed as there is no constitutional right to participate in grievance proceedings. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994).

### C.  QUALIFIED IMMUNITY

Defendants deny that any of the alleged conduct or conditions complained of by Plaintiff gives rise to a constitutional violation. However, Defendants assert that, even if this Court concludes that the facts are sufficient to establish a Constitutional claim, they are entitled to qualified immunity.

> The doctrine of qualified immunity attempts to reconcile two potentially conflicting principles: the

> need to deter government officials from violating an individual's federal civil rights and the need for government officials to act decisively without undue fear of judicial second guessing.

Akers v. Caperton, 998 F.2d 220, 225-26 (4th Cir. 1993).

The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether Defendant is protected by this immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.

In a discussion of qualified immunity, the Court of Appeals for the Fourth Circuit stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994) (internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, the Plaintiff fails to show that Defendants violated any of his clearly established constitutional or statutory rights. However, even if there was a violation, Defendants are entitled to qualified immunity. Thus, the undersigned recommends that summary judgment be granted as to these Defendants.

### **D. ELEVENTH AMENDMENT IMMUNITY**

The Defendants contend that the Plaintiff's §1983 claims against them for money damages in their official capacity are barred pursuant to Eleventh Amendment Immunity. Defendants also argue that the action against them should be dismissed as a matter of law to the extent that they are sued in their official capacity because while acting in their official capacity as an employee of the SCDC they are not a "person" under 42 U.S.C. §1983 and, therefore, not subject to suit.

When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution. Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state.

In the case of <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity (cites omitted) or unless Congress has exercised its undoubted power under  § 5 of the Fourteenth Amendment to override that immunity.

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments and officials are entitled to the

Eleventh Amendment immunity. <u>Will</u>, <u>supra</u> at 70. In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself, and therefore, against the state. State officials may only be sued in their individual capacities.

There is no dispute that Defendants were/are employees of the SCDC at the time of the allegations in the complaint. Thus, they are entitled to Eleventh Amendment immunity from monetary damages in their official capacity.

### E. PENDENT JURISDICTION

Assuming Plaintiff's § 1983 claim is dismissed by this Court and Plaintiffs' complaint somehow can be conceived to state an additional claim for relief under any state common law theory, the undersigned concludes that such claim(s), if any, ought to be dismissed as well for want of jurisdiction. Specifically, this Court can decline to continue the action as to the pendent claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).[2]

---

[2] Any claims by Plaintiff for injunctive relief should be denied. The issuance of an injunction as requested by the Plaintiff would undermine prison officials' ability to effectively manage prisons and maintain order and discipline. <u>Cf</u>. <u>Taylor v. Freeman</u>, 34 F.3d 266, 269-270 (4th Cir. 1994) (holding preliminary injunctive relief involving the management of prisons should be granted only under exceptional and compelling circumstances). The public interest weighs in favor of policies which encourage security in prisons. <u>Nicholas v. Ozmint</u>, No. 05-3472, 2006 WL 2711852, * 5 (D.S.C.Sept.20, 2006). The court must give deference to decisions by prison administrators. <u>See</u> <u>Wetzel v. Edwards</u>, 635 F.2d 283, 288 (4th Cir.1980). <u>See also</u> <u>McKune v. Lile</u>, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise").

### III. CONCLUSION

Based on the above reasoning, it is recommended that the motion for summary judgment by Defendants (doc. #38) be GRANTED and any outstanding motions be deemed MOOT.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 17, 2014
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**